FILED
JAN 1 7 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Roberto Carlos GUERRERO-Quijada,<br><br>Defendant. | '19 CR0155 DMS<br>Case No.: **18MJ11615**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on December 27, 2018, to determine whether the defendant, Roberto Carlos GUERRERO-Quijada, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Rosario Gonzalez appeared on behalf of the United States. Court-appointed counsel Victor N. Pippins appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued against the Defendant on December 17, 2018, this Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

1

# I
# **FINDINGS OF FACT**

A.  Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1.  The Defendant is charged in Criminal Complaint No. 18MJ11615 with the possession of 58.650 kilograms (129.201 pounds) of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 841 (a)(1). Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.  The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3.  The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 38. See, USSG § 2D1.1(c)(1).

B.  Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)):

1.  On December 16, 2018, Air and Marine Operations Command (AMOC) contacted the United States Border Patrol Calexico Station and requested assistance with interdicting an ultra-light aircraft (ULA) traveling north of the United States/Mexico border. Border Patrol Agents (BPAs) established surveillance in the vicinity of Cole Road in Calexico, California in anticipation of observing the ULA. Thereafter, a BPA relayed via radio that he had seen a ULA descending near Jasper Road and Bowker Road in Calexico.

2.  Due to their close proximity to the ULA decent, BPAs made contact with two subjects who were seen traveling east on Jasper Road. BPAs interviewed both subjects, including one later identified as Roberto Carlos GUERRERO-Quijada (GUERRERO).

Following the interview, and due to the suspected narcotics not being located yet, BPAs concluded the consensual encounter with GUERRERO.

3. A short time later, a BPA relayed that he had located two zippered brown burlap sacks underneath heavy dried bush and a metallic cage. BPAs then encountered GUERRERO and conducted a second consensual interview. Following that interview, BPAs arrested and transported GUERRERO to the Calexico Border Patrol Station for further questioning and processing. Drug Enforcement Administration Agents were notified by BPAs and responded to the Calexico Station.

4. Post-arrest, GUERRERO waived his rights per Miranda and agreed to answer questions without the presence of an attorney. GUERRERO stated that approximately two months ago, an associate in Mexico offered him and a female minor a job to receive narcotics in the United States. GUERRERO stated the narcotics were going to be flown from Mexico to the U.S. via an ultra-light aircraft. Once the narcotics were dropped from the aircraft, GUERRERO stated he was instructed to load the narcotics onto a vehicle that would be waiting nearby. GUERRERO stated he accepted the job and was to be paid $700 USD. GUERRERO stated he and the female minor he was with during the commission of the offense used flashlights to help navigate the ULA near the drop zone. After the ULA dropped the metal cage, GUERRERO stated he and the female minor used a box-cutter to cut the zip ties to free the burlap sacks from the metal cage. GUERRERO stated he and the female minor then dragged the burlap sacks to the side of the road to be picked up by the vehicle. Due to the law enforcement presence in the area, GUERRERO admitted he and the female minor concealed the burlap sacks in the brush and walked away from the area.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

1. The Defendant is a citizen of Mexico and has no legal right to reside in the United States as he possessed only a Border Crossing Card at the time of his arrest.
2. Defendant currently resides in Mexicali, Baja California, Mexico and has strong family ties to Mexico.

3

3. Defendant is currently unemployed in the United States and lacks financial ties to the community.

4. Defendant lacks significant contacts to the community.

D. <u>Nature and Seriousness of Danger (18 U.S.C. § 3142(g)(4))</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no criminal history.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint Number 18MJ11615 to wit: the possession of 58.650 kilograms (129.201 pounds) of methamphetamine with intent to distribute, in violation of Title 21, U.S.C., §§ 841 (a)(1).

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

## III

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall

1  deliver the Defendant to the United States Marshal for the purpose of an appearance in
2  connection with a court proceeding or any other appearance stipulated to by defense and
3  government counsel.
4      THIS ORDER IS ENTERED WITHOUT PREJUDICE.
5      IT IS SO ORDERED.
6  DATED: 1/17/19

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR.
United States Attorney

Rosario Gonzalez
Assistant U.S. Attorney

cc: Victor N. Pippins
    Federal Defenders of San Diego, Inc.

5